[The Commonwealth *v.* Adley.]

---

*Court of Quarter Sessions, Dauphin County, February 2d,* 1854.

### THE COMMONWEALH *v.* ADLEY.

Upon a charge of false pretence the indictment must recite the matters stated by the defendant, deny their truth, and aver that they were known to be false by the defendant.   It must also state whether the money was obtained as a loan, gift, or otherwise, and that the false statement was made for the purpose of obtaining it.

BY THE COURT.—We will in this case consider, in the first place, the motion in arrest of judgment, for if the indictment is defective the commonwealth must commence *de novo* by preferring a new bill, and the party defendant thereby obtains a reinvestigation of his case, in which any errors committed by the court on the former trial can be corrected, and the alleged newly discovered evidence considered by another jury.

The act of Assembly under which this indictment was framed declares that "every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing,

[The Commonwealth v. Adley.]

or by any false pretence whatsoever, obtain from any person any money, personal property, or other valuable things, shall be punished," etc.

To constitute the offence, the personal property of another must be *designedly* obtained by color of false pretence or representation, and the intent must be to cheat and defraud, all of which must be substantially set forth in the indictment. It has been held that it is necessary to aver the property was designedly obtained; the word "DESIGNEDLY" is an important part of the offence. In this bill we do not find it applied to the obtaining of the goods, but to the unlawful intention to cheat, in which particular it does not conform to any of the precedents, though I am not prepared to say that defect alone would vitiate the indictment; but in framing a new bill it is safer to correct it, so as to conform more nearly to the act of Assembly and the precedents.

The alleged false pretences are, "that the defendant was well off;" that he owned a house and lot in Harrisburg worth $3000, and that there was no judgment or lien against the property." These are three distinct allegations, only one of which is negatived in the indictment. It is clearly settled both on principle and authority that every allegation ruled on as false, must be expressly negatived, else it may be taken to be true. It is not enough to aver that the party falsely pretended, setting forth the pretences, but there must be a statement showing wherein the pretences were false (2 M. & S. 379). In this case there is a sufficient averment that the pretence of there being no liens was false, and an express statement that liens against the property existed, though the same is not very forcibly set forth; but it is essential also to aver that Adley knew of the existence of the liens when he averred there were none. In this indictment the only averment is that "the said Adley then and there well knew the said pretence and pretences to be false." Which of the pretences? That he was well off? That is averred in a former part of the indictment to be false. That he owned a house and lot in Harrisburg worth $3000? Or that there were no liens or judgments against his property? The allegation is as well applicable to the one as the others. If applied to the two former there are no proper averments of the points wherein the statement was false, and of course those statements of falsehood are not well laid, for want of being negatived in a legal manner. If to the latter, it is properly negatived, but the indictment should show specifically which it was that he knew was false. For aught that appears on the record it may be that he merely knew that he was "not well off," and there is no averment in the bill that he was not well off. Whereas here one of several statements is selected and negatived, there ought to be a distinct allegation that the defendant knew *it* was false. If the indictment had stated that the

said Adley well knew that liens and judgments existed against his property, it would have properly charged him with knowing the statement which he made and which was correctly negatived in the indictment was false.    There are many cases where from the nature of the charge it may not be necessary to aver that the party knew what he said was false, or where a man is charged with obtaining goods or money by falsely personating another, in that case it need only be averred that he represented himself to be A B, and that he was not the said A B, a fact which from the nature of things he must know, and hence we find precedents for such indictments, but in the present case it was the very essence of the crime that the defendant knew of the existence of the liens against his estate.

I think this indictment is defective in another particular.    It avers that by reason of said false pretence, said Adley " did unlawfully obtain from Albert Horner $600 lawful currency of Pennsylvania," but does not say how he obtained it; whether as a loan, a gift, or that it was confided to his custody to keep, or in what other way or for what purpose it was obtained. . This I consider essential.    It is certainly necessary to set forth the evidence relied upon, but the indictment must aver all the essential facts which the prosecution is bound to prove (13 Wend. 311), and in 10 Mit. 521, it is decided that where money was obtained for a watch of base metal, which the vendor falsely averred to be gold, it is essential to state that there was a sale or exchange, and that the false statement was made with a view and for the purpose of effecting such sale or exchange.    In the present indictment there should have been an averment of the loan of the money, and also that the false statement was made for the purpose of obtaining such loan.    I also think it would be better to describe it as either "lawful money of Pennsylvania or current money of Pennsylvania," though it is by no means necessary to describe the money obtained.

For these reasons the judgment is arrested.    I am satisfied that the jury should have been instructed that they must believe the controlling inducement to lend the money was the statement that no liens existed against the property.    If the lender would have voluntarily parted with his money without such statement, the case does not come within the statute.    The jury must also be satisfied that the intention was to cheat and defraud.